# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

IN RE: GENERAL STATEWIDE      :   Nos. 531 and 532 Judicial
JUDICIAL EMERGENCY            :   Administration Docket
                                           :

### *EMERGENCY ORDER OF STATEWIDE JUDICIAL ADMINISTRATION APPLICABLE FROM MAY 1, 2020, THROUGH JUNE 1, 2020*

**PER CURIAM**

AND NOW, this 28th day of April, 2020, pursuant to Rule of Judicial Administration 1952(A) and the Pennsylvania Supreme Court's constitutionally-conferred general supervisory and administrative authority over all courts and magisterial district judges, *see* PA. CONST. art. V, §10(a), this Court DIRECTS that the general, statewide judicial emergency declared in this Court's Order of March 16, 2020, IS EXTENDED through June 1, 2020.

From the time of the Court's Order of March 16, 2020, Pennsylvania's courts have remained operational, albeit with significant limitations due to the current pandemic, including restricted public access to court facilities. Beginning May 4, 2020, unless otherwise provided by a local emergency order, Pennsylvania courts generally SHALL BE OPEN to conduct all court business. However, all IN-PERSON ACCESS AND PROCEEDINGS SHALL BE STRICTLY LIMITED according to the terms of this Order or a more restrictive order issued by a local court under its authorized emergency powers.

The courts' priorities SHALL REMAIN CENTERED on their critical functions;[1] however, courts SHALL PUT FORWARD THEIR BEST EFFORTS to accomplish the timely administration of justice in all other matters, subject to the constraints and safety considerations set forth below.

This Order prospectively replaces the Second Supplemental Order of April 1, 2020, issued at the above dockets, which SHALL REMAIN IN EFFECT until that Order expires on its own terms. The explanatory background information set forth in that Order, as well as the Order of March 18, 2020, is incorporated here by reference.

The Court further explains and DIRECTS as follows:

## I. Background

Per the request of the Commonwealth's Secretary of Health, Pennsylvania courts have been generally closed to the public for over one month, subject to a series of general and specific directives and exceptions centered on the continuous performance of the courts' most critical functions. The Secretary's concern -- shared by all Justices of this Court -- is with safeguarding the health and safety of court personnel, court users, and members of the public in light of the risks posed by the COVID-19 virus. In view of the ongoing public health crisis, this Court finds that a further extension of the statewide judicial emergency is necessary.

---

[1] As reflected below, the present Order employs the term "critical functions" to include the tasks referred to in prior orders as "essential" ones. This approach recognizes that -- since the prevailing circumstances have required several extensions of this Court's emergency declaration -- it has now become incumbent upon the courts to undertake a broader range of functions to assure the proper administration of justice.

Some local courts have utilized the procedures specified in Rule of Judicial Administration 1952 and/or this Court's prior orders to declare local emergencies. Such local emergencies REMAIN IN FULL FORCE AND EFFECT, empowering President Judges in those districts to continue to exercise emergency powers under Rule 1952(B)(2). Extant local emergency orders and directives, including any provisions of these affecting time calculations or deadlines, SHALL REMAIN IN FULL FORCE AND EFFECT until they expire or are rescinded locally.

Should other President Judges deem it prudent to exercise emergency powers above and beyond the authority and latitude provided in this Order, they may file a declaration of an emergency in their districts with the Supreme Court Prothonotary in the Eastern, Western, or Middle District Office, as appropriate for the particular local judicial district. Such a declaration generally SHALL BE SELF-EFFECTUATING subject to any subsequent order by this Court or the local court, with the understanding that the temporary suspension or modification of any statewide court rules other than those addressed in this Order shall first require an application to this Court pursuant to Rule of Judicial Administration 1952(B)(2)(m).

In the jurisdictions with prevailing local emergencies, self-effectuating extensions may be filed. However, any declaration extending a local emergency beyond June 1, 2020, should provide supporting reasoning.[2]

---

[2] If a docket number has been assigned to the judicial district for emergency purposes, any further order concerning administrative directives or other matters associated with the local judicial emergency should be captioned so as to indicate that docket number. For convenience, declarations of emergency and associated local orders may be transmitted via electronic mail to: Irene.Bizzoso@pacourts.us**.**

## II. The Safety of Judges, Court Staff, Court Users, and Others

To the extent they are not already in place, all court leaders MUST IMPLEMENT AND MAINTAIN procedures that restrict potential COVID-19 exposure which could result from interactions of judges, court staff, and county agency staff among themselves and with or among members of the public present at court facilities. Among other measures, President Judges may restrict access to court facilities so that appropriate social distancing can be maintained. To the degree practicable in light of the necessity for some in-person appearances and proceedings, safety measures should be employed that are as consistent as possible with the federal and state executive guidance associated with countering the spread of the COVID-19 virus. To the extent that hearings and conferences can be held in the presence of counsel only, the courts SHALL PERMIT the parties' physical presence to be excused. In all events, any necessary in-person proceedings SHALL BE HELD in courtrooms designated by the individual courts of common pleas to minimize person-to-person contact.

Consistent with the previous guidance, and subject to the direction of President Judges, all courts -- including magisterial district courts -- are encouraged to consider deciding matters on the papers and/or to conduct court proceedings through the use of advanced communication technologies,[3] to the extent that constitutional requirements

---

[3] Advanced communication technology includes, but is not limited to: systems providing for two-way simultaneous communication of image and sound; closed-circuit television; telephone and facsimile equipment; and electronic mail. *See* Pa.R.J.A. No. 1952(A)(2)(e) & comment (citing Rule of Criminal Procedure 103 for the definition of advanced communication technology).

can be satisfied.  Any state or local rule that impedes a judge's ability to utilize available technologies to limit in-person contact is suspended through June 1, 2020.

The Administrative Office of Pennsylvania Courts stands ready to provide guidance to courts concerning local implementation of technological resources.  In the absence of a certification as provided in Part III of this Order, no proceeding should be delayed solely on account of the present public health crisis that could reasonably be conducted using available advanced communication technologies in a manner that is consistent with constitutional requirements.

### III.  Court Filings and Time Limitations and Deadlines

The suspensions of time calculations and deadlines indicated in this Court's previous orders and in any order of an intermediate or local court SHALL REMAIN IN EFFECT for the time specified in those orders.  In all events, legal papers or pleadings (other than commencement of actions where statutes of limitations may be in issue) which are required to be filed between March 19, 2020, and May 8, 2020, generally SHALL BE DEEMED to have been filed timely if they are filed by close of business on May 11, 2020.  Upon adequate notice, however, President Judges or presiding judges may enforce deadlines prior to May 11, 2020, in the critical-functions arena.

President Judges are HEREBY INVESTED with substantial discretion in connection with the enforcement of time deadlines and are DIRECTED to ensure that the enforcement of any deadline does not create an unreasonable risk to the health or safety of court personnel, attorneys, court users, or the general public.

Should any attorney or *pro se* litigant believe that the enforcement of a time deadline or participation in any proceeding poses a significant danger to the health of

one or more persons, or that compliance or participation is unreasonable or impossible in light of restrictions arising out of the Governor's prevailing orders and directives, he or she may file a certification detailing the reasons with the court having jurisdiction over the litigation. Upon receipt of such a certification, the presiding judge SHALL SET a deadline for responses and provide a reasonable opportunity to be heard to all parties.

All courts SHALL PROVIDE FOR COURT FILINGS BY MEANS OTHER THAN IN-PERSON DELIVERY WHENEVER POSSIBLE. Any state or local rule that impedes such alternative means of filing is suspended through June 1, 2020.

Attorneys are encouraged to conduct depositions remotely, via telephone, videoconference, or similar means. Absent articulable and specific concerns about reliability or other relevant considerations, court reporters need not be present in the same locations as witnesses and/or counsel.

Depositions of and required appearances for doctors, nurses, or other healthcare professionals who are substantially involved in responding to the COVID-19 public health emergency ARE SUSPENDED for the duration of this Order.

## IV. Priorities

The performance of critical court functions, ensuring that parties' rights are protected, remains of the highest priority. Consistent with this Court's previous Orders, such functions include:

## A. Intermediate Courts

a. Election matters;

b. Children's Fast-Track matters;

c. Matters credibly labeled as emergency filings; and

d. Any other function deemed by a President Judge to be critical consistent with constitutional limitations.

## B. Courts of Common Pleas

a. Election matters;

b. Emergency bail review and habeas corpus hearings;

c. Gagnon I hearings;

d. Bench warrant hearings pursuant to Rule of Criminal Procedure 150;

e. Juvenile delinquency detention;

f. Juvenile shelter, adjudication and disposition, and permanency hearings;

g. Temporary protection from abuse hearings;

h. Emergency petitions for child custody or pursuant to any provision of the Juvenile Act;

i. Emergency petitions for guardianship;

j. Civil mental health reviews, *see* 50 P.S. §7302;

k. Emergency equity civil matters (injunctions and stays);

l. Any pleading or motion relating to public health concerns and *involving immediate and irreparable harm*;

m. Commencement of a civil action, by *praecipe* for a writ of summons, for purposes of tolling a statute of limitations;[4]

n. Any other function deemed by a President Judge to be critical consistent with constitutional requirements.

**C.  Magisterial District Courts, Philadelphia Municipal Court, Philadelphia Arraignment Court Magistrates and Pittsburgh Municipal Court, Arraignment Division**

a.  Preliminary arraignments (bail setting) for bailable cases;

b.  Criminal case filings and subsequent processing;

c.  Preliminary hearings for incarcerated persons only;

d.  Issuance of search warrants;

e.  Emergency protection from abuse petitions; and

f.  Any other function deemed by a President Judge to be critical consistent with constitutional limitations.

## V.  Open Courts

In proceedings as to which a right to public and press access would otherwise exist, provision must be made to ensure some reasonable means of access.  For example, with respect to a proceeding conducted using audio-visual means, such public access may be effectuated during the proceeding by providing live-stream access, or by making a recording available as soon as possible after the proceeding has been concluded.

---

[4] If a court of original jurisdiction is closed to filings, the alternative mechanism for filing of an emergency *praecipe* in the Superior Court shall remain in place, as set forth in the March 24, 2020 Order.

## VI. Jury Trials

Jury trials, both criminal and civil, remain SUSPENDED and will be scheduled for a date in the future by the courts. Local court leaders SHALL ASSESS options for resumption of jury trials consistent with prevailing health-and-safety norms.

## VII. Payments

Per the Orders of March 18 and April 1, 2020, in-person payments to Magisterial District Courts were suspended, but payments could be accepted by mail, electronically (online), or by telephone as permitted in the Magisterial District Court receiving the payment. The effect of that Order is extended until May 11, 2020. To the extent that a payor was or is entitled to a payment determination hearing under these Orders or the extension provided herein, a missed payment or default SHALL NOT RESULT in the issuance of an arrest warrant for failure to make payment, nor shall the non-payment result in driving privileges being suspended, prior to such hearing.

On and after May 11, 2020, payments should be accepted by mail, electronically (online), or by telephone as may be permissible in the court receiving the payment, and the use of such means is strongly encouraged. Payments may be made in person, however, if other means are not available to the payor, as may be permissible in the Magisterial District Court receiving the payment pursuant to authorization by the President Judge.

## VIII. Prompt Trial

Rule of Criminal Procedure 600(C) remains SUSPENDED in all judicial districts through at least June 1, 2020. The purport of this directive is that the time period of the statewide judicial emergency continuing through at least June 1, 2020, SHALL BE EXCLUDED from the time calculation under Rule 600(C). Nothing in this Order,

however, or its local implementation, shall affect a criminal defendant's right to a speedy trial under the United States and Pennsylvania Constitutions – albeit that the circumstances giving rise to this Order and the suspension may be relevant to the constitutional analysis.

## IX. Children's Fast Track Appeals

This Court's "Order Regarding Alternative Filing Procedure for Children's Fast Track Appeals," dated March 27, 2020, SHALL REMAIN IN FULL FORCE AND EFFECT through at least June 1, 2020. This Order approved the Superior Court's provision for filing children's fast track appeals upon a certification that filing in the court of original jurisdiction is impractical due to the closure of court facilities.

## X. Guidance to Legal Professionals

To the degree necessary, attorneys should counsel their clients that the public health emergency can in no way be used to secure strategic advantage in litigation, including by means of dilatory conduct. In such instances, it may be useful to explain that the duties of a lawyer as advocate continue during the COVID-19 crisis, including the duty to expedite litigation (Rule 3.2 of the Rules of Professional Conduct), the duty of candor toward the tribunal (Rule 3.3 of the Rules of Professional Conduct), and the duty of fairness to opposing party and counsel (Rule 3.4 of the Rules of Professional Conduct).

As previously prescribed with respect to Courts of Common Pleas, the Court continues to AUTHORIZE AND ENCOURAGE use by legal professionals of advanced communication technology to the greatest extent possible. In addition, updated guidance has been provided by the executive branch explaining that:

[A]lthough law offices remain generally closed and lawyers and staff should continue to perform all work remotely to the extent possible, lawyers and staff may access physical offices on a limited basis as necessary to render legal services that cannot practically be completed through the use of advanced communication technology, and which are being rendered to comply with a court directive or deadline, or to meet client needs that are critical to the client's health or safety, including, but not limited to, matters of healthcare, incompetence, incapacitation, end-of-life decision making, government benefits necessary to sustain life and access healthcare and income, or legal functions necessary for the operation of government at all levels. Any in-person activity shall be subject to the Orders of Secretary of Health providing for building safety measures (issued April 5, 2020) and business safety measures (issued April 15, 2020), including any amendments, and related Department of Health guidance.

INDUSTRY OPERATION GUIDANCE, *Uploaded by Governor Tom Wolf*, https://www.scribd.com/document/452553026/UPDATED-4-30pm-April-27-2020-Industry-Operation-Guidance (last visited April 28, 2020).[5]

Lawyers accessing their offices for the purposes set forth above are expected to comply with the Secretary's Orders concerning building and worker safety. *See supra* note 5.

---

[5] The referenced Orders of the Secretary of Health are as follows: ORDER OF THE SECRETARY OF THE PA. DEP'T OF HEALTH DIRECTING BUILDING SAFETY MEASURES (April 5, 2020), https://www.governor.pa.gov/wp-content/uploads/2020/04/20200405-SOH-Building-Safety-Measures.pdf (last visited April 28, 2020); and ORDER OF THE SECRETARY OF THE PENNSYLVANIA DEPARTMENT OF HEALTH DIRECTING PUBLIC HEALTH SAFETY MEASURES FOR BUSINESSES PERMITTED TO MAINTAIN IN-PERSON OPERATIONS (April 15, 2020), https://www.governor.pa.gov/wp-content/uploads/2020/04/20200415-SOH-worker-safety-order.pdf (last visited April 28, 2020).

## XI. Dispossession of Property

Per this Court's Orders of March 18 and April 1, 2020 -- in view of the economic effects of the COVID-19 pandemic -- no officer, official, or other person employed by the Pennsylvania Judiciary at any level is authorized to effectuate an eviction, ejectment, or other displacement from a residence based upon the failure to make a monetary payment through April 30, 2020. All terms of those Orders related to dispossession of residences ARE EXTENDED until May 11, 2020, at which time the statewide suspension of procedures related to dispossession of property SHALL CEASE. The Court takes judicial notice that certain filings, charges, and acts relating to dispossession will remain subject to temporary restraints on account of other directives, including provisions of the federal Coronavirus Aid, Relief, and Economic Security Act. *See* 15 U.S.C. §9058.